GUILLERMO MORALES, Appellant, *v.* REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1107.  Submitted November 2, 1942.—Decided November 18, 1942.

*A. E. Suliveres* for appellant.

Mr. Justice De Jesús delivered the opinion of the court.

Upon presenting for record in the Registry of Property of Utuado a certified copy of a decision rendered by the municipal court of that city on August 4, 1942, in civil case No. 530, whereby the possession of a house and lot was ordered to be entered in the registry in favor of the appellant, the registrar refused the record thereof on the following grounds:

(1) Because the decision failed to state the time of the possession.

(2) Because it failed to allege or prove any reason which prevented the person seeking the possessory title from presenting a public deed or a written title of ownership by means of which the property had been acquired.

(3) Because it was not established that the petitioner paid the taxes on the property, and owing to the fact that, according to the registrar, the acquisition was not recent, it

was not sufficient to state that the tax was paid by Virgilio Morales, who does not appear as the previous owner.

Section 391 of the Mortgage Law prescribes the rules which should be observed in the possessory title proceedings, and it provides that the petition seeking record of the possession shall state, among other things, the following:

(*a*) The time of the possession;

(*b*) The fact that a written title does not exist, or if it does, that it can not be easily found; and

(*c*) That the petitioner paid the tax as owner, and when no quarterly (read half-yearly) payment shall have been made, owing to the fact that the acquisition had been recent, the name of the person from whom the real property may have been acquired shall be stated, or his heirs, on whom notice of the proceedings shall be served in order that they may state whether they have any objection to the making of the record.

And although §392, as amended by Act No. 20 of May 7, 1923 (Laws of 1923, p. 212) provides that the final decision approving the proceedings should be presented for record in the registry instead of the original record of the proceedings as was prescribed in the statute before its amendment, however, it further provides that in said decision there shall be included all the circumstances referred to in §391, and in addition the names of the witnesses who have testified, the result of their testimony, such other proceedings as may have been had, and the opinion or report of the district attorney, and the judge shall order the record applied for entered in the registry without prejudice to third persons having a better right. In other words, from the face of the decision there should appear affirmatively all the necessary circumstances for the validity and recording of the possessory title.

The petitioner maintains that the time during which he had possession sufficiently appears from one of the paragraphs of the decision which reads thus:

"WHEREAS, The witnesses A. Malaret Esclusa and Bruno C. Chábrier, of age, married, landowners and residents of Utuado, testified under oath, that *the petitioner Guillermo Morales is in possession of the above-mentioned property quietly, publicly, and peacefully, and as owner thereof, having acquired the same by purchase from Gregorio, that is, from don Ramón Díaz Román, by deed No. 156, executed before Notary Antonio E. Suliveres Colón, on September 26, 1941,* while being married to said Eduviges Soto." (Italics ours.)

What is really established by the testimony of the witnesses, as appears from the above-cited paragraph, which is the only one containing the circumstance in question, is that the petitioner is in possession of said property quietly, publicly, and peacefully and as owner thereof, *having acquired the same by purchase from Ramón Díaz Román by deed of September 26, 1941.*

It can not be positively maintained that it appears from said paragraph that the petitioner was in possession since the execution of the deed on September 26, 1941. It is true that pursuant to §1351 of the Civil Code when the sale is made by means of a public instrument, the execution thereof is equivalent to the delivery of the thing which is the object of the contract, if in said instrument the contrary does not appear, or may be clearly inferred, but as stated by Manresa, "in order that the vendor may convey (the possession) by means of a deed, or any other instrument, he must hold, or be in possession of, the thing conveyed." (Parenthesis ours.) There is no presumption whatsoever in the statute that the vendor who conveys his title by means of a public deed is in possession of the thing sold, and from the decision involved herein it does not appear that Ramón Díaz Román was in possession of the real property when he executed said deed. As there is involved herein an *ex parte*

proceeding, of which the possessory title proceeding forms part, the statutory provisions must be strictly complied with in order that the same may be valid, and since in the present case there does not appear from the decision, in plain and unmistakable terms, the time during which the petitioner had possession, said decision does not comply with Rule IV of §391 which provides for said requirement. Since this is a defect which prevents the record of the possession, as was held by this court in the case of *Delgado* v. *Registrar*, 25 P.R.R. 450, cited by the respondent registrar, and which followed the decision of the Directorate of Registries of May 18, 1887, we must conclude that the first ground of the registrar's refusal is upheld by the statute.

■ The second ground is based on the fact that as from the decision it appears that the petitioner had a written title to the property, that is, the deed of sale executed by the former owner, said decision does not show the reason which prevented the petitioner from recording said deed. The possessory proceeding establiseh by §390 of the Mortgage Law is a supplementary proceeding which lies only when the owner does not hold a recorded title of ownership or when he does possess one, but he can not demand its immediate admission to record because he is obliged to bring it from a point at a distance from the place where it is to be recorded, or for any other reason whatsoever which compels him to defer its presentation, according to the provisions of §437 of the Mortgage Law Regulations. A mere perusal of the decision will show the complete absence of this circumstance. The second ground of the registrar's note is well founded.

■ We shall now consider the third ground. Article 391 of the Mortgage Law provides that when no quarterly payment (read half-yearly) shall have been made, owing to the fact that the acquisition had been recent, the name of the person from whom the real property may have been acquired shall be stated, or his heir, on whom notice of the proceed-

ings shall be served in order that they may state whether they have any objection to the making of the record. From the decision it affirmatively appears that the acquisition took place on September 26, 1941, which is a recent date in connection with August 4, 1942, when the decision was rendered, especially if one takes into account the fact that the receipts are issued for one year, and that at least one year must elapse before making the corresponding transfer in the records of the Treasury Department. Since it appears from the decision that Virgilio Morales was the owner immediately previous to the one who conveyed the property to the petitioner and that the last tax receipts were paid by Virgilio Morales, and that the latter as well as the owner immediately preceding the petitioner were both notified as provided by the statute, and that neither of them made any objection to the approval of the proceedings, in our opinion the statutory requirement as to this circumstance was complied with, for which reason we must conclude that the third ground of the registrar's note is without merit.

For the reasons stated the note appealed from refusing the decision must be affirmed on the first and second grounds only above transcribed.